IMPROVEMENT DISTRICT NO. 1 OF WYNNE *v.* BROWN.

Opinion delivered April 13, 1908.

1. SALE OF CHATTEL—SUFFICIENCY OF ANSWER.—Where a complaint averred that plaintiff sold and delivered an article to defendant, an answer which denied that the article was purchased by the defendant, or on its account, was sufficient on demurrer. (Page 63.)

2. SAME—DEFENSE.—Where an improvement district was sued for coal alleged to have been furnished to it to run a water and electric light plant for the city, it is a good defense that such plant was being

operated by the city, and that the coal was furnished by the city for its operation. (Page 63.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge; reversed.

*J. T. Patterson,* for appellant.

The answer was sufficient to put in issue whether or not appellee sold the coal to the improvement district. If the coal was purchased and used at all, it was by the city council under authority of the statute, and the city was liable for the debt. Kirby's Digest, § § 5675, 5442, 5443; 67 Ark. 36; 56 Ark. 205; 80 Ark. 125.

*Allen Hughes,* for appellee.

1. The failure to deny the delivery amounts to an admission thereof. This implied admission becomes conclusive when taken in connection with the further allegation that the coal, if purchased at all, was purchased by the city of Wynne.

2. The case in 56 Ark. 205, cited by appellant, is not in point. The question is not whether the improvement district may make a valid contract to purchase coal, but whether it as a corporation is bound for the expense of operation incurred by the city while the latter is operating the improvement. An improvement district may operate a water and light plant and incur debts in the operation hereof. 81 Ark. 402.

Per Curiam. R. L. Brown sued Improvement District No. 1 of the city of Wynne, and its commissioners, and subsequently joined the city and its mayor, but later dismissed as to them. Brown sued for three cars of coal which he alleged he had sold and delivered to the Improvement District on January 21st, February 4th and February 26th, respectively, attaching an itemized account therefor. He further alleged that the coal was sold to the Improvement District upon an agreement that it should pay for the same in cash, and the price thereof became due immediately upon the delivery of the coal; and then alleged a failure to pay, and asked judgment for the contract price. To this the Improvement District filed an answer, denying that the coal mentioned was purchased by the commissioners or the Improvement District, or for or on their account. For further answer

they say that, at the time the coal was alleged to have been purchased, the water and light plant owned and erected by the defendant Improvement District was under the control and was being operated by the city of Wynne, pursuant to the authority, contained in section 5675 of Kirby's Digest; and that said coal, if purchased at all, was purchased by the city of Wynne, to be by it used in the operation of said water and light plant, and that the city of Wynne continued to operate said water and light plant until about the 8th day of April, when it turned the same over to this defendant to operate and maintain.

This answer was met by a demurrer, which was sustained, and judgment was entered for plaintiff, and the defendant has appealed.

Appellee has filed a motion, pursuant to section 1229 of Kirby's Digest, to advance and affirm this case as a delay case. After response thereto, pursuant to Rule 2, the case was submitted to the court.

The case was briefed upon both sides on the motion, and a consideration of the same has convinced the court that the motion to advance and affirm as a delay case is not well taken. The case has been fully presented by counsel, and considered by the court, and the court now of its own motion disposes of it, instead of pursuing the usual practice of merely passing upon the motion to advance and affirm, because it would be a useless consumption of time, after the court has thoroughly considered it, to pass it over for another consideration at a future date.

The first paragraph of the answer is not as complete a denial of the purchase and delivery of the coal as good pleading would require, and the appellee contends that only the purchase of the coal is denied, and that the delivery stands admitted, and that it would be liable for the coal as it was delivered to it. The suit is not on *quantum valebat,* but is a suit upon contract. The contract is denied, and the denial is sufficient to be free from an attack by demurrer.

The second paragraph of the answer also contains a good defense. Section 5675 of Kirby's Digest authorizes cities to take over water works and light plants, when they have been erected by improvement districts, and to operate and maintain the same.

When a water and light plant is thus being operated by the city, necessarily the city is the party responsible for the purchases made for its maintenance and operation, and that is what this answer alleges.

It is true that the answer further alleges that some month or two after these purchases the plant was turned back to these commissioners, but that can have no bearing upon this case. The purpose of turning it back and the authority therefor are not issues, and that much of the answer is surplusage.

For the error in sustaining the demurrer to the answer, the judgment is reversed, and the cause is remanded with directions to overrule the demurrer and proceed with the case.